```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

KAAPA ETHANOL, L.L.C.,           )
                                 )
                Plaintiff,       )        7:05CV5010
                                 )
       V.                        )
                                 )
AFFILIATED FM INSURANCE,         )        MEMORANDUM AND ORDER
Company,                         )
                                 )
                Defendant.       )
                                 )
```

The following motions are currently pending for the court's consideration:

- Plaintiff's motion to amend its complaint, filing [139](#); and

- Plaintiff's motion for protective order, filing [152](#).

For the reasons discussed below, these motions are denied.

This case has been pending for over three years. Pursuant to the Fourth Amended Final Progression Order entered on March 31, 2008, the case is scheduled for pretrial conference on August 8, 2008, and for trial beginning on August 26, 2008. Filing [111](#).

The plaintiff's amended complaint was filed on April 20, 2007. Filing [44](#). The amended complaint alleges an action for breach of contract and first party insurance bad faith for defendant's alleged failure to pay damages owed under the terms of an all-risk insurance policy issued by the defendant to cover the plaintiff's ethanol plant near Minden, Nebraska. The plaintiff alleges that after the plant's nine Fermentation and Process Liquid tanks ("tanks") were built, the earth beneath them settled, resulting in damage to the tanks. The plaintiff alleges it incurred repair costs, business income losses, and

consequential damages as a result of the tank damage, all of which are covered losses under the terms of the insurance policy it purchased for the defendant, but the defendant has failed and in bad faith, willfully and/or recklessly refused to pay the plaintiff's claim for coverage.

The plaintiff's amended complaint specifically alleges a right to recover:

- damages incurred due to the "collapse" of the tanks, a peril covered under the body of the policy, filing 44, ¶ 34;

- damages arising from "earth movement,"[1] covered pursuant to the "Earth Movement Endorsement" to the policy, filing 44, ¶¶ 31-32;

- losses sustained in using "all reasonable means to save and preserve the property," as required under the policy's mitigation exclusion, filing 44, ¶ 23;

- "business interruption" losses incurred due to tank damage and mitigation of that damage, filing 44, ¶ 25; and

- the reasonable and necessary costs incurred to avoid or prevent immediately impending physical loss or damage to the tanks as covered under the "Protection and Preservation of Property" provision of the policy. Filing 44, ¶ 24.

The plaintiff further alleges that the policy's exclusions for damages arising from faulty workmanship, latent defects, and settling do not foreclose recovery because under the policy's ensuing loss clause, it is entitled to coverage for "collapse" or

---

[1]The terms "collapse" and "earth movement" are set forth in quotation marks because their definitions under the policy are disputed issues in this litigation, as reflected in the parties' briefs in support of their cross motions for summary judgment. See, filing 126, pp. 28-31; filing 129, pp. 33-36, 42-48; filing 159, pp. 14-15; 29-33.

"earth movement" damages even if those damages were caused or concurrently caused by an excluded peril.  Filing 44, ¶¶ 26-34.

   The defendant's answer alleges the plaintiff is not entitled to recover because the policy excludes coverage for damages arising from latent defects, (filing 50, ¶¶ 98-99); faulty workmanship, (filing 50, ¶¶ 100-101); and settling, (filing 50, ¶¶ 102-103).  It further alleges that any manifestation of damage to the plaintiff's five "Process Liquid Tanks, (also known as "Thin Stillage Tanks"), occurred after the plaintiff cancelled the policy, and therefore policy coverage is not available for these alleged damages.  Filing 50, ¶¶ 104-106.  The defendant's answer further alleges the plaintiff cannot recover because it failed to timely notify and substantiate its claims, (filing 50, ¶¶ 107-116), damages to the land itself are not covered under the policy, (filing 50, ¶¶ 117-118), and absent any physical loss or damage arising from perils covered by the policy, the plaintiff cannot recover its alleged business interruption losses.  Filing 50, ¶¶ 119-121.

   The parties filed their cross motions for summary judgment on May 30, 2008.  Filings 124 and 128.  Having thoroughly reviewed the voluminous briefs filed in support of these motions, the court finds that the motions and supporting evidence parallel and do not deviate from the allegations and defenses raised in the plaintiff's amended complaint filed on April 20, 2007, and the defendant's responsive answer filed on May 21, 2007.

   The plaintiff's motion to file a second amended complaint, filing 139, was filed on June 6, 2008.  The plaintiff's second amended complaint seeks to add a claim that the defendant charged a policy premium for, yet failed to provide, loss-control

3

engineering services to plaintiff.  The plaintiff seeks leave to allege:

> Despite having the capacity to conduct soils and foundation evaluations, making several visits to KAAPA's facility, for which it charged KAAPA, and providing loss-control engineering reports to KAAPA, Affiliated FM never made any recommendations with respect to the soil, its potential for causing some loss at the facility, or structural integrity of KAAPA's ethanol facility.

Filing 139, p. 3 (proposed paragraph 41).  The plaintiff claims it recently obtained information supporting this allegation during discovery depositions, adding this allegation will not necessitate additional discovery, and therefore its request to amend should be granted.

The depositions at issue were taken at least two months before the parties' motions for summary judgment were filed, (see filing 141), and the defendant's alleged failure to provide adequate professional services in the form of "loss-control engineering" inspections and recommendations occurred before this lawsuit was filed.  The plaintiff has offered no reasonable explanation for failing to timely discover the facts and raise this new issue before filing suit, before the deadline for amending pleadings had passed, or before summary judgment motions were filed.  The court specifically notes that the plaintiff itself knew or should have known the facts underlying its new allegation before this lawsuit was filed:  The defendant's loss control engineers entered the plaintiff's land to perform their inspections in 2004, and the plaintiff allegedly paid a premium for this service when it initially purchased the policy at issue.  There is no evidence to suggest the defendant thwarted the plaintiff's ability to timely raise an allegation of failure to

provide adequate engineering services or to promptly discover information supporting this allegation.

Under the pleadings currently before the court, resolution of this case is dependent upon interpreting the terms and meaning of the policy at issue and applying that contract interpretation to the circumstances that caused damage to plaintiff's tanks. The plaintiff's proposed additional claim raises a new and distinct theory of potential liability; specifically, the duty of care owed to an insured by an insurer's loss-control engineers, whether the engineers acting on this defendant's behalf breached that duty, and, if so, the nature and extent of damages caused by that alleged breach. The plaintiff's conclusory statement that its proposed allegation will not necessitate additional discovery is not credible. The defendant would be entitled to respond to any amended complaint, and that response would most surely spawn a whole new avenue of issues and related discovery.[2]

Plaintiff has failed to comply with the progression order of the court and has failed to show that "justice . . . requires" the filing of the second amended complaint. Fed. R. Civ. P. 15(a)(2).

Regarding the motion for protective order, plaintiff seeks an order requiring the defendant to deposit with the court documents and files which memorialize or regard its decision to

---

[2] The court's ruling should not be construed as foreclosing the plaintiff from introducing evidence concerning the property inspection conducted by the defendant's loss-control engineers, provided such evidence is determined to be relevant. Specifically, the court notes that such evidence may be relevant to refute defendant's claim that the soil and subsurface condition, and its inability to support the construction and erection of plaintiff's tanks, constituted a "latent defect."

deny plaintiff's coverage claims, apparently to remove the temptation confronting defendant to alter or amend such documents before trial.  The motion must be denied for two reasons.  First, it is not accompanied by any showing that counsel for the parties have conferred in an unsuccessful effort to resolve this discovery dispute themselves.  See, Fed. R. Civ. P. 26(c); NECivR. 7.1(I).  Second, although plaintiff's brief in support of the motion sets forth generally reasons that a court might consider such an order as is requested, there is nothing in the motion or the materials filed in support of it which demonstrates that such an order should be entered in this case, nor significantly, any reason plaintiff has not itself sought or accumulated and protected such documentation itself.  A protective order requires a showing of "good cause," Fed. R. Civ. P. 26(c), and no such showing has been made here.

    IT THEREFORE HEREBY IS ORDERED:

    1.  The motion for leave to file second amended complaint, filing 139, is denied.

    2.  The motion for protective order, filing 152, is denied.


    DATED this 17th day of July, 2008.

                          BY THE COURT:

                          s/ *David L. Piester*
                          David L. Piester
                          United States Magistrate Judge