IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
KAAPA ETHANOL, LLC,            )
                               )
           Plaintiff,          )          7:05CV5010
                               )
      v.                       )
                               )
AFFILIATED FM INSURANCE        )      MEMORANDUM AND ORDER
COMPANY,                       )
                               )
           Defendant.          )
_____)
```

This matter comes before the Court on the magistrate judge's report and recommendation (Filing No. 198).  The Court referred this case to Magistrate Judge David Piester to make recommendations on several pending motions.  On July 29, 2008, the magistrate judge filed his recommendation on the following motions: (1) Affiliated FM Insurance Company's ("Affiliated FM") motion for summary judgment, or in the alternative, partial summary judgment (Filing No. 124); (2) KAAPA Ethanol, L.L.C.'s ("KAAPA") motion for partial summary judgment (Filing No. 128); (3) Affiliated FM's motion to exclude the testimony of Donald Malecki (Filing No. 147); (4) KAAPA's motion to exclude the testimony of John Field (Filing No. 183); (5) KAAPA's motion to exclude evidence of information Affiliated FM acquired after coverage was denied (Filing No. 187); and (6) KAAPA's motion to exclude evidence of faulty workmanship, faulty construction, or faulty design (Filing No. 192).

After review, the Court will adopt the report in part and reject the report in part.

## BACKGROUND

The factual background of this case is set out in detail in the magistrate judge's report (*See* Filing No. 198 at p. 5-39).[1]  Only a brief statement of the facts follows.

KAAPA operates an ethanol refinery plant in Minden, Nebraska ("the Minden plant")(*See* Filing Nos. 126 and 162 at ¶ 5).  In relevant part, the plant contains nine tanks used in the ethanol production process (*See Id.* at ¶ 7).  There are four large tanks, referred herein as the fermentation and beerwell tanks, and five smaller tanks, referred herein as the process liquid tanks (*See Id.* at ¶¶ 7, 9, 23).  KAAPA purchased an "all-risk" property insurance policy ("the Policy") from Affiliated FM, which provided coverage for property at the Minden plant (*See Id.* at ¶ 8; Filing No. 125-2, exh. F).

During construction of the Minden plant, "geogrid" was installed underneath the fermentation and beerwell tanks to help support the weight of the large tanks (*See* Filing Nos. 126 and 162 at ¶¶ 10, 13).  The type of fill used between the layers of geogrid was not the type of fill recommended by the manufacturer

---

[1] Affiliated FM objected to some portions of the magistrate judge's statement of the facts (*See* Filing No. 206 at p. 1-7).  The Court declines to make findings on these facts, and accordingly, rejects the magistrate judge's findings on facts objected to by Affiliated FM.  The Court did not rely on the objected to facts in its conclusions.

of the geogrid (*See Id.* at ¶¶ 14, 16).  Concrete "ringwall"
foundations were constructed for all of the tanks to sit on as
structural support (*See Id.* at ¶¶ 18, 19, 22, 24).  With regard
to at least the beerwell and fermentation tanks, the type of fill
used in the interior of the ringwall foundations was not the type
of fill called for in the engineering plans (*See Id.* at ¶¶ 20,
21, 22, 25).

        Before the Minden plant went into operation, the large
tanks settled into the ground about two inches; this amount of
settlement was expected and considered normal (*See Id.* at ¶ 28).
The large tanks and their foundations sank into the ground an
additional unexpected amount, and KAAPA observed damage to the
tanks (*See Id.* at ¶¶ 29-36).  Subsequently, KAAPA observed
similar problems and damage to the process liquid tanks (*See Id.*
at ¶ 55).

        KAAPA submitted two claims for loss to Affiliated FM,
and both claims were denied (*See Id.* at ¶¶ 44, 47, 62).  On June
29, 2005, KAAPA filed an action for declaratory judgment, breach
of contract, and bad faith arising out of Affiliated FM's denial
of insurance coverage (*See* Filing No. 1).

**STANDARD OF REVIEW**

**I.   REVIEW OF THE MAGISTRATE JUDGE'S RECOMMENDATION**

        The Court reviews the magistrate judge's findings on
dispositive motions de novo.  *See* Fed. R. Civ. P. 72(b)(3).  The

-3-

Court reviews the findings on non-dispositive motions under a "clearly erroneous or contrary to law" standard. *See* Fed. R. Civ. P. 72(a).

## II.  STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  A fact is material when its resolution affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The Court must view the evidence in a light most favorable to the nonmoving party, with all inferences drawn in that party's favor.  *See Matsushita Elec. Indus.*, 475 U.S. at 587.  However, when a motion for summary judgment is properly made and supported, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

-4-

**DISCUSSION**

**I.    MOTIONS FOR SUMMARY JUDGMENT**

The magistrate judge determined that Affiliated FM's motion for summary judgment should be granted in part and denied in part, Affiliated FM's motion for partial summary judgment should be granted in part and denied in part, and KAAPA's motion for partial summary judgment should be denied (*See* Filing No. 198).  Both parties filed objections to the magistrate judge's report and recommendation (*See* Filing Nos. 205 and 208).

**A.    CONSTRUCTION OF AN INSURANCE POLICY**

The parties' motions for summary judgment require the Court to construe terms of the Policy.  Construction of an insurance policy is a question of law.  *Fireman's Fund v. Structural Sys. Tech., Inc.*, 426 F.Supp. 2d 1009, 1023 (D. Neb. 2006)(applying Nebraska law).  In this case, the Court's interpretation of the Policy is governed by Nebraska law.  *See Allstate Ins. Co. v. Burrough*, 120 F.3d 834, 838 (8th Cir. 1997). In interpreting Nebraska law, the Court is bound by the decisions of the Nebraska Supreme Court, and if the State's highest court has not decided the issue, the Court must predict how the State's highest court would resolve the issue.  *See Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006).

Under Nebraska law, "[a]n insurance policy is to be construed as any other contract to give effect to the parties'

-5-

intentions at the time the contract was made." *Katskee v. Blue Cross/Blue Shield of Neb.*, 245 Neb. 808, 812-13, 515 N.W.2d 645, 649 (Neb. 1994). "In discerning the parties' intentions, courts should first determine as a matter of law whether a policy is ambiguous." *Fireman's Fund*, 426 F. Supp. 2d at 1024. The policy must be construed as a whole, giving effect to every part if possible. *Id.* "When the terms of the contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as the ordinary or reasonable person would understand them." *Katskee*, 245 Neb. at 813, 515 N.W.2d at 649. If the policy is ambiguous, it will be construed in favor of the insured. *Id.*

The insured bears the burden of proving coverage under the policy. *Fireman's Fund*, 426 F. Supp. 2d at 1024. The insurer bears the burden of proving that an exclusionary clause applies. *Id.*

## B.   AFFILIATED FM'S MOTION FOR SUMMARY JUDGMENT

Affiliated FM moved for summary judgment on the issue of coverage for all of KAAPA's tanks, and alternatively, moved for partial summary judgment on the issues of coverage for KAAPA's process liquid tanks, bad faith, and punitive damages.

-6-

1.   **SUMMARY JUDGMENT ON THE ISSUE OF COVERAGE FOR ALL TANKS**

a)   **Policy Exclusion For "Faulty Workmanship, Faulty Construction, and Faulty Design"**

The magistrate judge determined that KAAPA's losses were at least in part caused by faulty construction (*See* Filing No. 198 at p. 46).[2]   The Court declines to adopt the magistrate judge's conclusions.

"Faulty workmanship, faulty construction or faulty design" is a Group II exclusion in the Policy.   Group II states in relevant part:

> This policy does not insure against loss or damage caused by the following perils; however, if loss or damage not excluded results, then that resulting loss or damage is covered.
>
> 2. Defects in materials, faulty workmanship, faulty construction or faulty design.

(Filing No. 125-2, ex. F at CM/ECF p. 37).

First, the Court must construe "faulty construction." The Policy does not define "faulty construction," but the Court finds this term is not ambiguous and should be accorded its plain meaning.   *See Kroll Const. Co. v. Great Am. Ins. Co.*, 594 F. Supp. 304, 307-308 (D.C. Ga. 1984) (finding faulty workmanship

---

[2] KAAPA objected to the magistrate judge's findings on the issue of faulty construction (*See* Filing No. 209).

provision in insurance policy unambiguous and according provision its plain meaning).

The plain meaning of "faulty construction" includes faulty construction of a structure's foundation and does not necessarily require a showing of negligence.  First, "construction" includes excavation activities, such as laying the foundation for the construction of a structure.  *See El Rincon Supportive Serv. Org., Inc. v. First Nonprofit Mut. Ins. Co.*, 346 Ill. App. 3d 96, 104, 803 N.E.2d 532, 538 (Ill. App. Ct. 2004)(interpreting insurance policy and finding plain meaning of construction includes excavation activities).  Second, "faulty" does not necessarily mean "negligent."  *See Arnold v. Cincinnati Ins. Co.*, 276 Wis.2d 762, 776, 688 N.W.2d 708, 714-15 (Wis. Ct. App. 2004)(interpreting faulty workmanship in insurance policy and finding that faulty workmanship and negligent conduct are distinct concepts).

The Court has not found any Nebraska law on point, but *Dargue v. Chaput*, 166 Neb. 69, 88 N.W.2d 148 (Neb. 1958), suggests the Nebraska Supreme Court would construe "faulty construction" similarly.  In *Dargue*, the Nebraska Supreme Court determined that building a house "on ground with insufficient weight-bearing qualities to sustain the weight placed thereon" constitutes "faulty construction."  *Id.* at 82, 88 N.W.2d at 157. *Dargue* did not involve the interpretation of an insurance policy, but it is instructive as to how the Nebraska Supreme Court would

-8-

define "faulty construction" in an insurance policy. The case suggests the Nebraska Supreme Court would agree with the Court's finding that "construction" includes the construction of a structure's foundation. Further, the case suggests the Nebraska Supreme Court would agree with this Court's finding that "faulty" does not mean "negligent" because the Nebraska Supreme Court identified certain conduct as faulty construction without engaging in a typical negligence analysis. *See Dargue*, 166 Neb. 69, 88 N.W.2d 148.[3]

Having construed "faulty construction," the Court must determine whether KAAPA's loss was caused by "faulty construction" as a matter of law. Here, genuine issues of material fact exist which preclude summary judgment. Affiliated FM's motion for summary judgment based on the Policy's exclusion for faulty construction, faulty workmanship, or faulty design will be denied.

Based on the foregoing, it is not necessary to analyze the introductory part of the faulty construction provision, which is commonly referred to as an "ensuing loss clause." However, the Court adopts the magistrate judge's construction and finds the ensuing loss clause means the Policy does not cover losses to repair an excluded peril, but the Policy does cover losses

---

[3] The case law cited by KAAPA does not compel a different construction of the terms (*See* Filing No. 209 at p. 27-28).

-9-

resulting from the excluded peril if not otherwise excluded under the Policy (*See* Filing No. 198 at p. 49-54).

### b)   Exclusion From Coverage For "Latent Defect"

The magistrate judge determined that genuine issues of material fact exist as to whether KAAPA's losses were caused by a latent defect (*See* Filing No. 198 at p. 45).  The Court will adopt the magistrate judge's findings.

The Court adopts the magistrate judge's construction of "latent defect" and finds "latent defect" means a defect that cannot be discovered by a person of competent skill using ordinary care (*See Id.* at p. 43).  Further, the Court adopts the magistrate judge's finding that genuine issues of material fact exist as to whether KAAPA's losses were caused by a latent defect.  Accordingly, Affiliated FM's motion for summary judgment based on the Policy's exclusion for latent defect will be denied.

### c)   Exclusion From Coverage For "Settlement"

The magistrate judge determined that KAAPA's losses were caused at least in part by settlement and could not be recovered unless KAAPA proved collapse at trial (*See* Filing No. 198 at p. 48).  The Court will adopt the magistrate judge's findings in part.

"Settling" is a Group II exclusion in the Policy. Group II of the Policy states in relevant part:

> This policy does not insure against
> loss or damage caused by the
> following perils; however, if loss
> or damage not excluded results,
> then that resulting loss or damage
> is covered.
>
> 7.  Settling, cracking, shrinkage, bulging,
>     or expansion of:
>     a. Foundations.
>     b. Walls.
>     c. Floors.
>     d. Roofs.
>     e. Ceilings.
>
> This exclusion will not apply to
> loss or damage resulting from
> collapse of: a building or
> structure; or material part of a
> building or structure.

(Filing No. 125-2, exh. F at CM/ECF p. 37-38).

The Court will adopt the magistrate judge's construction of "settling" and finds "settling" means the gradual, natural process that every building endures (*See* Filing No. 198 at p. 47).

Next, the Court must determine whether KAAPA's losses were caused by settling as a matter of law. Here, genuine issues of material fact exist which preclude summary judgment, and Affiliated FM's motion for summary judgment based on the Policy's exclusion for settlement will be denied.

Based on the foregoing, it is not necessary to analyze the ensuing loss provision as it relates to the settling exclusion. However, the Court notes that the ensuing loss

provision applies in the same manner to the settlement exclusion as it does to the faulty construction exclusion.

**2.   SUMMARY JUDGMENT ON KAAPA'S CLAIM FOR MITIGATION EXPENSES**

The magistrate judge concluded that KAAPA could not recover at least part of its losses as mitigation expenses (*See* Filing No. 198 at p. 66).[4]  The Court will adopt the magistrate judge's findings in part.

**a)   Recovery of Damages under the Neglect Provision** (*See* Filing No. 125-2, exh. F at CM/ECF p. 19)

The Court will adopt the magistrate judge's construction of the neglect provision and finds the neglect provision is not a grant of coverage (*See* Filing No. 198 at p. 66-67).  Affiliated FM's motion for summary judgment on KAAPA's claim for damages under the neglect provision is granted.

**b)   Recovery of Damages Under the Protection and Preservation of Property Provision** (See Filing No. 125-2, exh. F at CM/ECF p. 26)

The Court finds that genuine issues of material fact exist regarding KAAPA's claim for damages under the protection and preservation of property provision.  Thus, Affiliated FM's motion for summary judgment on KAAPA's claim for damages under the protection and preservation of property provision will be denied.

---

[4] KAAPA objected to the magistrate judge's findings on the issue of mitigation damages (*See* Filing No. 209).

     **c)**  **Business Interruption Endorsement** (*See* Filing No. 125-2, exh. F at CM/ECF p. 48-51)

   The Court finds that genuine issues of material fact exist regarding KAAPA's claim for damages under the business interruption endorsement.  Thus, Affiliated FM's motion for summary judgment on KAAPA's claim for damages under the business interruption endorsement will be denied.

   **3.**  **PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF COVERAGE FOR DAMAGE TO KAAPA'S LIQUID PROCESS TANKS**

   The magistrate judge determined that genuine issues of material fact exist regarding coverage for KAAPA's process liquid tanks (*See* Filing No. 198 at 63).[5]  The Court will adopt the magistrate judge's findings.

   The Court will adopt the magistrate judge's construction of "occurrence" and finds "occurrence" means when the damage commences (*See* Filing No. 198 at 62-66).

   In addition, the Court will adopt the magistrate judge's finding that Affiliated FM's motion for partial summary judgment on the issue of coverage for damage to KAAPA's process liquid tanks should be denied.

---

  [5] Affiliated FM objected to the magistrate judge's findings on the issue of coverage for loss to the process liquid tanks (*See* Filing No. 206).

**4.   PARTIAL SUMMARY JUDGMENT ON KAAPA'S BAD FAITH CLAIM**

The magistrate judge determined Affiliated FM's motion for partial summary judgment on KAAPA's bad faith claim should be granted (*See* Filing No. 198 at p. 68-71).[6]  The Court will adopt the magistrate judge's conclusions and finds Affiliated FM's motion for summary judgment on KAAPA's bad faith claim should be granted.

**5.   KAAPA'S CLAIM FOR PUNITIVE DAMAGES**

The magistrate judge determined KAAPA is not entitled to punitive damages (*See* Filing No. 198 at p. 71-72).[7]   The Court will adopt the magistrate judge's conclusions and finds Affiliated FM's motion for partial summary judgment on KAAPA's claim for punitive damages should be granted.

**B.   KAAPA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

KAAPA moved for partial summary judgment on the issue of coverage for all its tanks.

**1.   COVERAGE FOR DAMAGE CAUSED BY COLLAPSE**

The magistrate judge determined that genuine issues of material fact exist regarding coverage under the Policy's collapse provision (*See* Filing No. 198 at p. 61).  The Court will adopt the magistrate judge's findings in part.

---

[6] KAAPA objected to the magistrate judge's findings on the issue of bad faith (*See* Filing No. 209).

[7] KAAPA objected to the magistrate judge's finding on the issue of punitive damages (*See* Filing No. 209).

The Policy provides coverage for collapse in the settlement exclusion (*See supra*).  The Court will adopt the magistrate judge's construction of collapse and finds "collapse" means substantial impairment of the structural integrity of the building or any part of a building (*See* Filing No. 198 at p. 60).[8]

In addition, the Court will adopt the magistrate judge's conclusion that genuine issues of material fact exist which preclude summary judgment.  However, the Court declines to adopt the magistrate judge's determination that KAAPA cannot recover certain losses unless it proves collapse (*See* Filing No. 198 at p. 61).  KAAPA's motion for partial summary judgment for coverage based on the collapse provision will be denied.[9]

While it is not necessary to analyze the issue at this time, Affiliated FM requested clarification as to the damages recoverable for collapse (*See* Filing No. 206).  The Policy plainly states that if losses are the result of collapse, the settlement provision does not apply, and the losses are recoverable.  Thus, losses resulting from a collapse are recoverable even if settlement causes the collapse.

---

[8] Affiliated FM objected to the magistrate judge's findings on the issue of collapse (*See* Filing No. 206).

[9] Accordingly, the Court will also adopt the magistrate judge's conclusion that Affiliated FM's cross-motion for summary judgment on the issue of collapse should be denied.

## 2.   COVERAGE FOR DAMAGE CAUSED BY EARTH MOVEMENT

The magistrate judge determined that KAAPA's losses were not caused by earth movement (*See* Filing No. 198 at p. 57).[10]  The Court will adopt the magistrate judge's findings in part.

Generally, "earth movement" is excluded from coverage as a Group I exclusion in the Policy.  Group I states in relevant part:

> This policy does not insure against loss or damage caused directly or indirectly by or resulting from any of the following.  Loss or damage is excluded regardless of any other cause or event whether or not insured under this policy that contributes concurrently or in any sequence to the loss or damage.
>
> 8. Any natural or man-made earth movement, including but not limited to:
>
> a. Earthquake;
> b. Landslide;
> c. Mudflow;
> d. Earth sinking, earth rising or shifting; or
> e. Subsidence;
>
> Resulting from, contributed to or aggravated by any of the above. . . .

(Filing No. 125-2, exh. F at CM/ECF p. 34-36).

However, KAAPA's insurance policy covered "earth movement" pursuant to the Earth Movement Endorsement (*Id*. at CM/ECF p. 52).

---

[10] KAAPA objected to the magistrate judge's findings on the issue of earth movement (*See* Filing No. 209).

The Earth Movement Endorsement states the earth movement exclusion is deleted "in its entirety" and "[a]ll other terms and conditions of [the] policy remain unchanged."  (*Id.*)

First, the Court must interpret "earth movement."  The Court adopts the magistrate judge's construction of "earth movement" (*See* Filing No. 198 at p. 55-57) but provides its own analysis of construction.  When viewing the "earth movement" provision in light of the entire Policy, the provision is not ambiguous.  *See Burton v. State Farm Fire & Cas. Co.*, 533 F.2d 177, 179 (5th Cir. 1976)(applying Alabama law)(considering earth movement provision in the context of entire policy and finding policy unambiguous).

Here, the Policy contains one exclusion for "earth movement" and a separate exclusion for "settling of foundations." The Court finds the settling exclusion applies to damage caused by the gradual movement of a structure's foundation, while the earth movement exclusion (including subsidence) applies to damage caused by sudden or abrupt earth movement.  Not only does the Policy use different terms for each exclusion, but the settling exclusion is subject to an ensuing loss clause, while the earth movement exclusion is not subject to an ensuing loss clause.  If the Court construed "earth movement" as pertaining to any earth movement, the settling provision would be rendered meaningless, and there would be a conflict as to whether ensuing loss was covered.  *See Jones v. St. Paul Ins. Co.*, 725 S.W.2d 291, 294

-17-

(Tex. App. 1986)(interpreting insurance policy and declining to adopt a construction of earth movement that would render settling exclusion meaningless).

The Court has not found any Nebraska case law on point; however, persuasive case law supports the Court's construction. *See Burton*, 533 F.2d at 179 (interpreting insurance policy with earth movement and settling provisions and finding earth movement means sudden earth movement); *see also Boston Co. Real Estate Counsel, Inc. v. Home Ins. Co., Inc.*, 887 F. Supp. 369, 374 (D. Mass. 1995)(interpreting insurance policy with earth movement and settling provisions and finding earth movement means sudden earth movement).

Next, the Court must determine whether KAAPA's tanks were damaged by "earth movement" as a matter of law.  Genuine issues of material fact exist as to whether KAAPA's losses were caused by earth movement, and KAAPA's motion for summary judgment on the issue of coverage for earth movement will be denied.[11] Similarly, KAAPA's motion for summary judgment for coverage of its other losses, such as attorney's fees, will be denied.

---

[11] The magistrate judge stated that Affiliated FM's motion for summary judgment should be granted on the issue of earth movement *(See* Filing No. 198 at p. 57).  In accordance with the Court's analysis, the Court rejects this finding.

## III. MOTIONS IN LIMINE

### A.    AFFILIATED FM'S MOTION IN LIMINE

#### 1.    Motion to Exclude the Testimony of Donald Malecki

The magistrate judge determined Affiliated FM's motion to exclude Donald Malecki's testimony should be granted as failing to comport with the admissibility requirements of Federal Rule of Evidence 702 (*See* Filing No. 198 at p. 77).[12]  The Court will adopt the magistrate judge's conclusions and finds Affiliated FM's motion to exclude the testimony of Donald Malecki should be granted.

### B.    KAAPA'S MOTIONS IN LIMINE

#### 1.    Motion to Exclude the Testimony of John Field

The magistrate judge determined KAAPA's motion to exclude John Field's testimony should be denied as untimely (*See* Filing No. 198 at p. 79).  The Court will adopt the magistrate judge's conclusions and finds KAAPA's motion to exclude the testimony of John Field should be denied.

#### 2.    KAAPA's motion to exclude evidence of information Affiliated FM acquired after coverage was denied to refute bad faith claim

The magistrate judge determined KAAPA's motion to exclude information Affiliated FM acquired after it denied coverage to refute bad faith claim should be denied (*See* Filing

---

[12] KAAPA objected to the magistrate judge's finding regarding Mr. Malecki's testimony (*See* Filing No. 209).

No. 198 at p. 79).[13]  The Court will adopt the magistrate judge's conclusions and finds KAAPA's motion to exclude evidence of information Affiliated FM acquired after it denied coverage to refute bad faith claim should be denied.

### 3. Motion to Exclude Evidence Concerning Faulty Workmanship, Faulty Construction, or Faulty Design

The magistrate judge concluded KAAPA's motion to exclude evidence related to faulty workmanship, faulty construction, or faulty design should be denied (*See* Filing No. 198 at p. 81).[14]  In light of the Court's construction of "faulty" in the policy, *supra*, the Court will adopt the magistrate judge's conclusion and finds KAAPA's motion to exclude all evidence of faulty workmanship, faulty construction, or faulty design should be denied.  Accordingly,

IT IS ORDERED:

1) Affiliated FM's motion for summary judgment is denied.  Affiliated FM's motion for partial summary judgment is granted in part and denied in part.

2) KAAPA's motion for partial summary judgment is denied.

3) Affiliated FM's motion to exclude the testimony of Donald Malecki is granted.

---

[13] KAAPA objected to the magistrate judge's finding (*See* Filing No. 209).

[14] KAAPA objected to the magistrate judge's finding (*See* Filing No. 209).

4) KAAPA's motion to exclude the testimony of John Field is denied.

5) KAAPA's motion to exclude evidence of information Affiliated FM acquired after it denied coverage is denied.

6) KAAPA's motion to exclude evidence of faulty workmanship, faulty construction, or faulty design is denied.

7) Objections to the motion for summary judgment (Filing No. 159) and objections to the report and recommendation of the magistrate judge (Filing Nos. 205 and 208) are denied or sustained in accordance with this memorandum opinion.

8) The motions for leave to file a reply memorandum (Filing Nos. 215 and 221) and the motion to strike motion for leave to file a reply memorandum (Filing No. 225) are denied as moot.

DATED this 30th day of October, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court