IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAAPA ETHANOL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 7:05CV5010 |
| | ) | |
| v. | ) | |
| | ) | |
| AFFILIATED FM INSURANCE COMPANY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on several of plaintiff's and defendant's motions in limine. Upon review,

IT IS ORDERED:

1) Plaintiff's motion in limine to preclude evidence or argument relating to alleged lack of cooperation (Filing No. 262) is denied as moot as defendant has represented to the Court that it does not intend to offer such evidence. Defendant has indicated that it intends to offer some evidence that may be tangentially related to lack of cooperation for a different purpose. The Court reserves ruling at this time as to whether such evidence is admissible, and plaintiff may renew its objection at the time the evidence is offered;

2) Plaintiff's motion in limine to allow the admission of certain testimony by Donald Malecki (Filing No. 266) is denied as moot, as defendant has represented to the Court that it will not offer designated deposition testimony of Mr. Malecki;

      3) Plaintiff's motion in limine to preclude the designation of deposition testimony of witnesses who can be compelled to appear at trial (Filing No. 270) is denied as moot, as defendant has represented to the Court that it will not seek to introduce designated deposition testimony of witnesses who can be compelled to appear at trial;

      4) Defendant's motion in limine to exclude any opinion of or testimony by Michael LoGiudice as to the applicable deductible under the Affiliated FM policy (Filing No. 294) is granted. Reading the respective briefs of the parties, it appears that plaintiff does not intend to seek such opinion testimony from Mr. LoGiudice. As he is an expert and did not include this in his expert report, he would be precluded from testifying as an expert as to the terms of the policy. Beyond that, the Court does not know what testimony the plaintiff intends to offer in this regard and can only rule on the admissibility of such evidence at the time it is being offered.

      5) Defendant's motion in limine for the preclusion of testimony from Jim Faulconbridge (Filing No. 298) is denied without prejudice. The Court notes from the pretrial conference order that Judge Kopf has in effect ruled on this matter by providing that Mr. Faulconbridge may be deposed by the defendant prior to trial; deposition costs to be borne by plaintiff. His name is included on the witness list and he will be permitted to

testify, provided the parties have complied with Judge Kopf's order.

   6)  All other pending motions in limine (Filing Nos. 278, 286, 290, 302, 306, 310) will be denied at this time without prejudice.  The parties may renew these motions at the time the evidence is offered at trial.

   DATED this 12th day of November, 2009.

         BY THE COURT:

         /s/ Lyle E. Strom
         _____
         LYLE E. STROM, Senior Judge
         United States District Court