IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAAPA ETHANOL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 7:05CV5010 |
| | ) | |
| v. | ) | |
| | ) | |
| AFFILIATED FM INSURANCE COMPANY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's objection and motion to strike docket numbers 428 and 429 (Filing No. 441), plaintiff's motion for attorney fees and prejudgment interest pursuant to Nebraska law (Filing No. 401), and plaintiff's motion for reconsideration (Filing No. 449).  Upon review, Affiliated FM Insurance Company's ("Affiliated FM") motion to strike will be denied as moot, KAAPA Ethanol, L.L.C.'s ("KAAPA") motion for attorney fees and prejudgment interest will be granted in part and denied in part, and KAAPA's motion for reconsideration will be denied.

**I.  Filing No. 441 - Affiliated FM's motion to strike Filing Nos. 428 and 429**

This motion will be denied as moot since KAAPA has filed unredacted invoices in support of its motion for attorney fees, and Affiliated FM has responded to KAAPA's supplemental evidence and Filing No. 428.

**II.  Filing No. 401 - KAAPA's motion for attorney fees and prejudgment interest pursuant to Nebraska Law**

In support of its motion, KAAPA has filed a brief (Filing No. 402), an index of evidence (Filing No. 403), a reply brief (Filing No. 428), an index of the reply brief (Filing No. 429), a supplemental index (Filing No. 452), and a supplemental reply brief (Filing No. 476).  Affiliated FM has filed a brief (Filing No. 419), an index of evidence (Filing No. 421), a supplemental brief (Filing No. 471), and a supplemental index (Filing No. 472).

**A. Request for Attorney Fees**

KAAPA seeks an award of attorneys' fees in the amount of $2,873,395.81 pursuant to Neb. Rev. Stat. § 44-359 (Filing No. 452).  This amount includes fees and expenses KAAPA incurred in this matter from June 2005 through March 2010 and represents the following:

- $341,457.96 in fees and expenses paid to the law firm of Jacobsen, Orr, Nelson, Lindstrom & Holbrook, PC, LLO ("Jacobsen Orr").  Jacobsen Orr is located in Kearney, Nebraska, and represented KAAPA in this matter from June 2005 to the present.

- $2,362,178.25 in fees/expenses paid to the law firms of Anderson Kill & Olick, P.C. ("Anderson Kill") and Reed Smith LLP ("Reed Smith").[1]  Attorneys at Anderson Kill represented KAAPA in this matter from June 2005 to February 2008, and attorneys at Reed Smith represented

---

[1] KAAPA is requesting $427,542.53 in fees/expenses paid to Anderson Kill and $1,934,635.72 in fees/expenses paid to Reed Smith.

-2-

>           KAAPA from February 2008 until the present.[2]  The
>           Anderson Kill attorneys and non-attorneys who worked on
>           this matter were located in the firm's Philadelphia
>           office.  The Reed Smith attorneys and non-attorneys who
>           worked on this matter were located in the firm's
>           Philadelphia and New York offices.
>
> - $169,759.60 in fees/expenses paid to consultants and other vendors.

Affiliated FM contends that any award of attorney fees should not exceed $708,417.12 for attorney fees and $145,917.87 for costs.

KAAPA is entitled to an award of attorney fees pursuant to Neb. Rev. Stat. § 44-359, which provides in part:

>           In all cases when the beneficiary
>           or other person entitled thereto
>           brings an action upon any type of
>           insurance policy . . . against any
>           company . . . doing business in
>           this state, the court, upon
>           rendering judgment against such
>           company . . . shall allow the
>           plaintiff a reasonable sum as an
>           attorney's fee in addition to the
>           amount of his or her recovery, to
>           be taxed as part of the costs
>           . . . .[3]

"When an attorney fee is authorized, the amount of the fee is addressed to the discretion of the trial court. . . ." *Nat'l Am. Ins. Co. of Neb., Inc. v. Cont'l W. Ins. Co.*, 243 Neb.

---

[2] KAAPA retained John Ellison in June 2005, at which time Mr. Ellison was at Anderson Kill.  Mr. Ellison and other attorneys at Anderson Kill moved their practice to Reed Smith in January 2008, and KAAPA moved its file to Reed Smith at that time.

[3] The "safe harbor" provision contained in § 44-359 does not apply.

766, 778, 502 N.W.2d 817, 825 (1993). In determining the amount of a proper and reasonable fee under § 44-359, the Court considers the following factors:

> the amount involved, the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services.

*Id.* "There is no presumption of reasonableness placed on the amount offered by the party requesting fees." *Young v. Midwest Family Mut. Ins. Co.*, 276 Neb. 206, 213, 753 N.W.2d 778, 783 (2008).

Affiliated FM asserts two primary challenges to the fee award sought by KAAPA. First, Affiliated FM contends the requested fee award is unreasonable because the hourly rates charged by KAAPA's Philadelphia and New York attorneys were excessive in light of rates charged by local attorneys.[4] Second, Affiliated FM contends the requested fee award is unreasonable because it includes several fees and expenses that cannot be recovered under § 44-359.

---

[4] Affiliated FM does not object to the hourly rates charged by Jacobsen Orr's attorneys and non-attorneys or Anderson Kill/Reed Smith's non-attorneys.

**1. Hourly Rates**

Affiliated FM contends the hourly rates charged by KAAPA's out-of-state counsel are unreasonably high and should be reduced to local rates. Based on Affiliated FM's calculations, the average blended hourly rate charged by KAAPA's out-of-state attorneys was $385.27 per hour. Affiliated FM, relying on findings made in *TierOne Bank v. Hartford Casualty Insurance Co.*, No. 4:08CV3156, 2009 WL 4800578, at *5-6 (D. Neb. Dec. 8, 2009), suggests the prevailing rate charged by local attorneys is $240 per hour.

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001)). "In a case where the plaintiff does not use local counsel, the court is not limited to the local hourly rate, if the plaintiff has shown that, in spite of his diligent, good faith efforts, he was unable to find local counsel able and willing to take the case." *TierOne Bank*, 2009 WL 4800578, at *4 (quoting *Emery*, 272 F.3d at 1048)). "In addition, attorneys specializing in complex areas of the law may be entitled to a higher, non-local rate because the attorneys' familiarity with law will enable them to handle the case in a shorter time period than local counsel." *Id.* (quoting

*Bone Shirt v. Hazeltine*, No. CIV 01-3032-KES, 2006 WL 1788307, at *2 (D.S.D. June 22, 2006)).

In this case, it is appropriate to permit KAAPA to recover attorney fees at the hourly rates charged by its out-of-state counsel. This was a fairly complex case that required significant time and labor, involved a significant sum of money, and presented some difficult issues that were unresolved under Nebraska law. Effective litigation of KAAPA's claims required representation by counsel that was experienced in insurance disputes. Affiliated FM retained non-resident counsel that has a national reputation for defending large and complicated first party insurance claims. In light of Affiliated FM's choice of counsel, it was reasonable for KAAPA to also retain counsel that is experienced with insurance disputes. Further, the record demonstrates that KAAPA's local counsel attempted to find a local firm to assist with the litigation but was unable to find any Nebraska firms with the requisite experience or ability to prosecute KAAPA's claim. While the prevailing local rates is one factor to consider in awarding fees under § 44-359, the Court finds consideration of all of the relevant factors demonstrates that KAAPA was entitled to seek non-resident counsel. There is no indication that the rates charged by Anderson Kill/Reed Smith's attorneys were unreasonable for the markets in which the

relevant offices are located.  The Court finds the hourly rates charged by KAAPA's outside counsel are reasonable.

**2. Fees Recoverable**

Affiliated FM argues KAAPA's requested fee award is unreasonable because it includes fees/expenses that are not recoverable under § 44-359.  Affiliated FM contends all fees/expenses related to KAAPA's claims for bad faith and punitive damages, KAAPA's pursuit of non-policy claims against third-parties, and KAAPA's 2004 claim on the policy must be deducted.

"An attorney fee awarded under the provisions of § 44-359 must be solely and only for services actually rendered in the preparation and trial of the litigation on the policy in question."  *Young*, 276 Neb. at 213, 753 N.W.2d at 783. Fees/expenses related to KAAPA's claims for bad faith, punitive damages, and non-policy claims against third parties are not recoverable under § 44-359.  *See id*. at 213, 753 N.W.2d at 784; *Hemenway v. MFA Life Ins. Co.*, 211 Neb. 193, 203, 318 N.W.2d 70, 76 (1982).  While KAAPA has made some deductions for fees/expenses related to its claims for bad faith and punitive damages, the Court finds that the record demonstrates there are additional deductions which must be made.

Affiliated FM has identified in detail which fees/expenses it contends are related to non-policy claims and

unrecoverable.  *See* Filing No. 472-3, Exhibits R, S, T; Filing No. 472-4, Exhibits W and X; Filing No. 471 at 14 n.31.  The Court generally agrees that these fees are not recoverable; although, it is apparent that some of the fees identified by Affiliated FM include a portion of potentially recoverable fees. The format of KAAPA's billing statements does not allow the Court to determine with any certainty which portion of the fees KAAPA might be permitted to recover.  KAAPA has not made any attempt to segregate out the recoverable fees from the fees identified by Affiliated FM.  Because KAAPA bears the burden of supporting its claim for fees, see *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991), and it has not shown which fees identified by Affiliated FM are recoverable, it is appropriate to deduct all fees/expenses identified in Filing No. 472-3, Exhibits R, S, T; Filing No. 472-4, Exhibits W and X; and Filing No. 471 at 14 n.31.  These deductions total $379,395.20.[5]  This reduces KAAPA's

---

[5] **Fees related to bad faith/punitive damages** (Filing No. 472-3, Exs. R-T): Anderson Kill/Reed Smith attorneys (fees: $242,289.30 + costs: $15,815.51) + Anderson Kill/Reed Smith non-attorneys (fees: $40,468.50) + Jacobsen Orr attorneys/non-attorneys (fees: $17,905.00) = $316,478.31.

**Fees related to third-parties** (Filing No. 472-4, Exs. W, X; Filing No. 471 at 14 n.31): Anderson Kill/Reed Smith attorneys (fees: $39,306.50 + costs: $304.14) + Anderson Kill/Reed Smith non-attorneys (fees: $337.50) + Jacobsen Orr attorneys/non-attorneys (fees: $22,968.75) = $62,916.89.

$316,478.31 + $62,916.89 = $379,395.20

claim for attorneys fees/expenses to $2,494,000.61.[6]  The Court next must consider the results obtained by KAAPA.

KAAPA sought approximately $8.7 million in damages with respect to its claims for coverage that were submitted to the jury.  This amount included coverage KAAPA sought for two different claims on the policy (hereafter referred to as the "2004 claim" and the "2005 claim").  With respect to the 2004 claim, KAAPA sought coverage for property damage in the amount of approximately $300,000 and lost profits in the amount of approximately $3 million.  With respect to the 2005 claim, KAAPA sought coverage for property damage in the amount of approximately $4 million and mitigation expenses in the amount of approximately $1.8 million.  Ultimately, KAAPA was awarded property damages in the amount of $3,981,471.20, "mitigation expenses" in the amount of $179,656.90, and no damages for lost profits.  Thus, KAAPA achieved a little less than 50% success on the dollar amount of its claim, and it appears from the jury verdict that KAAPA did not prevail to any extent on its 2004 claim on the policy.

Affiliated FM contends that KAAPA was not actively involved in pursuing an insurance recovery for its 2005 claim on the policy until December 15, 2005.  KAAPA has not challenged

---

[6] KAAPA's requested fee award ($2,873,395.81) - $379,395.20 = $2,494,000.61.

this contention.  Thus, the fees and costs KAAPA incurred prior to December 15, 2005, totaling $35,971.89[7] will be disallowed by the Court.

Fees/expenses KAAPA incurred with respect to the 2004 claim after December 15, 2005, cannot be determined with any certainty from KAAPA's billing records.  Considering the foregoing factors, the Court finds that a 20% reduction of the resulting claim should be made.  This amounts to a deduction of $491,605.74.[8]

As a result, the amount of fees/expenses KAAPA is entitled to recover totals $1,966,422.98.[9]  Except as noted above, Affiliated FM does not object to KAAPA's ability to recover costs and expenses as part of its attorney fee award under § 44-359.  Upon consideration of the relevant factors, the Court finds this represents reasonable attorney fees to which KAAPA is entitled.

---

[7] Anderson Kill attorneys (fees: $26,143.50) + Anderson Kill non-attorneys (fees: $790.50) + Jacobsen Orr attorneys/non-attorneys (fees: $8,190) + expenses ($847.89) = $35,971.89 (*See* Filing No. 472-4, Exhibits Z, AA and BB; Filing No. 471 at 18 n.38).

[8] KAAPA's request for fees/expenses ($2,873,395.81) - bad faith/punitive damages deduction ($316,478.31) - third-party deduction ($62,916.89) - 2004 claim deduction ($35,971.89) = $2,458,028.72 X .20 = $491,605.74.

[9] KAAPA's request for fees/expenses ($2,873,395.81) - bad faith/punitive damages deduction ($316,478.31) - third-party deduction ($62,916.89) - 2004 claim deduction ($35,971.89) - 20% deduction ($491,605.74) = $1,966,422.98.

**B. Prejudgment Interest**

KAAPA also requests an award of prejudgment interest pursuant to Neb. Rev. Stat. § 45-104.  This request will be denied.

Prejudgment interest is recoverable only where the claim is liquidated.  *See TierOne Bank*, 2009 WL 2709296 at *17.  A claim is liquidated when "no reasonable controversy [exists] as to either plaintiff's right to recover or as to the amount of such recovery."  *See id.* (quoting *Lange Indus. v. Hallam Grain Co.*, 244 Neb. 465, 482, 507 N.W.2d 465, 477 (1993)).

Neither requirement is satisfied here.  There was a reasonable controversy regarding KAAPA's right to recover on its claim, and although certain amounts of damages were stipulated to, the amount KAAPA was entitled to recover was reasonably disputed.  KAAPA's claim was not liquidated, and therefore, prejudgment interest is not recoverable.

**III. KAAPA's motion for reconsideration (Filing No. 449)**

The Court has reviewed the motion (Filing No. 449), KAAPA's brief in support (Filing No. 450), Affiliated FM's brief in opposition (Filing No. 455), and KAAPA's reply brief in support (Filing No. 465).  KAAPA's motion for reconsideration of the Court's March 25, 2010, order reducing mitigation expenses will be denied.  Accordingly,

IT IS ORDERED:

1) Defendant's objection and motion to strike docket numbers 428 and 429 (Filing No. 441) is denied as moot;

2) KAAPA's motion for attorney fees and prejudgment interest pursuant to Nebraska law (Filing No. 401) is granted in part and denied in part. KAAPA shall be awarded attorney fees and expenses in the amount of $1,966,422.98; KAAPA's request for an award of prejudgment interest is denied;

3) KAAPA's motion for reconsideration (Filing No. 449) is denied.

DATED this 11th day of June, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court